# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JANE JAHNKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 18 C 5259 |
| v. | ) |
| | ) Judge Sara L. Ellis |
| DISCOVER PRODUCTS, INC., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Defendant Discover Products, Inc. ("Discover") terminated plaintiff Jane Jahnke after she took approximately five months of medical leave. Jahnke then filed the present action claiming disability discrimination and failure to accommodate in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Counts I and II), gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) *et seq.* (Count III), age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* (Count IV), and retaliation in violation of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* (Count V). Discover moves to dismiss the entire complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court finds that Jahnke has not sufficiently alleged that she is a qualified individual under the ADA or that she has suffered a materially adverse employment action under the FMLA, and therefore dismisses her ADA and FMLA claims without prejudice. The Court finds, however, that Jahnke has sufficiently alleged the elements of her Title VII gender discrimination and ADEA age discrimination claims and allows those claims to proceed.

# BACKGROUND[1]

Jahnke, a woman above the age of forty who has received diagnoses of major depression disorder, general anxiety disorder, Grave's disease, hypothyroidism, and morbid obesity, has worked for Discover since 2003. At the time of her termination, Jahnke held a senior manager position. Jahnke informed Discover of her various medical issues and, around August 2016, she disclosed to her supervisor that they caused her trouble with sleep, memory, and concentration. She requested that if, at any point, her supervisor believed her performance suffered, that he let her know so they could discuss if accommodations were necessary or appropriate.

Jahnke also told her supervisor that she would seek leave for mental health treatment from a psychologist sometime in 2016. She had previously taken leave in 2013 for similar reasons. Jahnke's leave in 2013 extended beyond the twelve weeks protected under the FMLA but Discover still allowed her to return to her job after her leave. After she communicated her need to take a medical leave in 2016, her supervisor advised Jahnke to put together a transition plan for whomever would take her work load while she was away. Her supervisor also recommended that Jahnke take a demotion leading up to her leave. In late 2016, her supervisor pressured Jahnke on multiple occasions to put an agreement in writing to accept a demotion, which she ultimately did, although no one ever specified the position she would take after the demotion.

In January 2017, Jahnke took medical leave for surgery to repair a torn meniscus, which she needed before she could begin more intensive psychological treatment. Around a month later, Jahnke had recovered from surgery enough to travel, so she traveled to a depression and

---

[1] The facts in the background section are taken from Jahnke's first amended complaint and are presumed true for the purpose of resolving the Discover's motion to dismiss. *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011); *Local 15, Int'l Bhd. of Elec. Workers, AFL-CIO v. Exelon Corp.*, 495 F.3d 779, 782 (7th Cir. 2007).

anxiety treatment center. Jahnke provided FMLA paperwork and medical documentation at each stage. In March 2017, Discover gave Jahnke a bonus that was significantly lower than bonuses she had received in years past. Discover also raised her annual salary by less than it had in the past. In May 2017, Discover rated Jahnke's performance as "unsatisfactory" in 2016. This review was the first time Discover had ever rated Jahnke below satisfactory. Discover also informed Jahnke that her job would not be available for her when she returned from leave and advised her that she would have thirty days to find another position with Discover. In June 2017, Jahnke's supervisor told her that there were no jobs available for her in his department. A week later, Discover posted a manager position as open for applications.

During Jahnke's employment, supervisory and management personnel made numerous comments, including: "we can't sit back and get fat, dumb, and lazy;" "we need to get all the fat out of the organization;" and telling Jahnke that she does not "present herself well," or that she does not have an "executive presence." Doc. 19 ¶ 30. Jahnke believed and inferred that many of these comments referred to her weight. When one vice president learned of Jahnke's psychological disabilities, she commented to Jahnke "it's unbelievable you made it this far" and recommended that she take a demotion. *Id.* Jahnke's supervisor told her "you have to hire [employees] young as they will have more energy and drive than older people." *Id.* Jahnke's supervisor also told her that his other direct report, a young male, was a good hire because he is a man with a young child at home, so he will be hungry to work. Jahnke complains of various other comments and incidents related to her weight, mental diagnoses, age, and gender.

Jahnke has been unable to work since beginning her leave. Jahnke alleges, without identifying any specific individuals, that other similarly situated male, non-disabled employees under the age of 40 received extensive coaching, training, development opportunities, and

advancement opportunities, and took FMLA leave that extended beyond the twelve weeks protected by statute without losing their jobs.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint, not its merits. Fed. R. Civ. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also be facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## ANALYSIS

**I.     Disability Discrimination and Failure to Accommodate Claims (Counts I and II)**

The ADA prohibits an employer from discriminating against or failing to accommodate "a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). To establish her ADA discrimination claim, Jahnke eventually must show: (1) she is disabled within the meaning of the ADA; (2) with or without reasonable accommodation, she is qualified to perform the essential functions of her job; and (3) she has suffered an adverse employment action because of her

disability.  *See Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014).  To establish her ADA failure to accommodate claim, Jahnke eventually must demonstrate: (1) she is a qualified individual with a disability, (2) Discover was aware of her disability, and (3) Discover failed to reasonably accommodate her disability.  *Hooper v. Proctor Health Care Inc.*, 804 F.3d 846, 852 (7th Cir. 2015).  For both, Jahnke must show she is a "qualified individual."  Discover contests that Jahnke is a "qualified individual" because she pleads that "she has been unable to work" and remains unable to work.  Doc. 19 ¶ 31.

The Seventh Circuit is clear that "[a]n employee who needs long-term medical leave *cannot* work and thus is not a 'qualified individual' under the ADA."  *Severson v. Heartland Woodcraft, Inc.*, 872 F.3d 476, 479 (7th Cir. 2017) (emphasis in original) (citing *Byrne v. Avon Prods., Inc.*, 328 F.3d 379, 381 (7th Cir. 2003)).  In *Severson*, the plaintiff suffered a back injury and could not perform his physically demanding job until he had recovered from corrective surgery.  He requested a leave that extended two months past his twelve-week FMLA leave and his employer denied his request, instead inviting him to reapply once he had recovered.  The Seventh Circuit found that Severson was not a "qualified individual" under the ADA because he was unable to work.  *Id.* at 481 ("Not working is not a means to perform the job's essential functions." (quoting *Byrne*, 328 F.3d at 381)).  Here, Jahnke has pleaded that she was and remains unable to work.  Doc. 19 ¶ 31.  "A plaintiff pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits."  *Epstein v. Epstein*, 843 F.3d 1147, 1150 (7th Cir. 2016) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008)). Because Jahnke has pleaded that she cannot work, she is not a "qualified individual" under the ADA and therefore cannot state a claim upon which relief can be granted under the ADA.

## II. Age and Gender Discrimination Claims (Counts III and IV)

Jahnke claims that Discover terminated her because of her age and gender in violation of the ADEA and Title VII. "In order to prevent dismissal under Rule 12(b)(6), a complaint alleging [age and] sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her [age and] sex." *Tamayo*, 526 F.3d at 1084. Discover argues instead for a higher pleading standard, asking the court to find that Jahnke cannot meet the *McDonnell Douglas* framework for proving discrimination through indirect evidence. While it is true that Jahnke's allegations regarding similarly situated young, male employees are rather formulaic recitations of the elements of the *McDonnell Douglas* framework, Jahnke's complaint need not meet *McDonnell Douglas*' evidentiary standard. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) ("This Court has never indicated that the requirements for establishing a prima facie case under *McDonnell Douglas* also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss."). Jahnke alleges that certain comments were made about her age and gender, that other young, male employees took leaves that extended past the twelve weeks protected by the FMLA, but that Discover terminated only her because of her age and gender. This suffices to state a claim at this stage. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014) ("Employers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims."); *Vega v. Chicago Park Dist.*, 958 F. Supp. 2d 943, 954–55 (N.D. Ill. 2013) (finding the plaintiff sufficiently pleaded discrimination claims by alleging that employer treated coworkers not in her protected class more favorably). Therefore, the Court allows Jahnke to proceed with her age and

gender discrimination claims. Discover is free to raise its arguments at a later stage on a more developed record.

## III. FMLA Retaliation Claim (Count V)

The FMLA entitles an employee to twelve weeks of leave per twelve-month period for a serious health condition that renders him unable to perform his job. *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009) (citing 29 U.S.C. § 2612(a)(1)(D)). Jahnke claims that Discover retaliated against her for expressing her intention to take FMLA leave by forcing her to take a demotion, failing to provide her with proper training and feedback, subjecting her to a hostile work environment, reducing her bonus and salary increase, and ultimately terminating her after she took a medical leave of absence. To state a claim for FMLA retaliation, Jahnke must allege (1) she engaged in protected activity, (2) she suffered an adverse employment action, and (3) a causal connection exists between the two. *See Hemenway v. Rock Cty.*, No. 18-cv-307-jdp, 2018 WL 6050906, at *5–6 (W.D. Wis. Nov. 19, 2018) (noting that, while FMLA retaliation claim should be treated under § 2615(a)(2), the standard retaliation analysis applies to determine whether plaintiff stated a claim). Here, the Court finds that Jahnke has not sufficiently pleaded an adverse employment action.

First, regarding the demotion and termination, Jahnke again pleads herself out of court. *Epstein*, 843 F.3d at 1150. The forced demotion "never actually took place." Doc. 19 ¶ 31. "An unfulfilled threat, which results in no material harm, is not materially adverse." *Ajayi v. Aramark Bus. Servs.*, 336 F.3d 520, 531 (7th Cir. 2003). Therefore, the demotion cannot serve as a materially adverse employment action. Like the issues Jahnke encounters with her ADA claims, her termination two months after the end of her twelve-week leave cannot be the basis of an FMLA claim because she alleges that she was and remains unable to work. *Hendricks v.*

7

*Compass Group, USA, Inc.*, 496 F.3d 803, 806 (7th Cir. 2007) ("While the FMLA requires that an employee be able to return to the same or equivalent position and pay rate that he held prior to going on FMLA leave, such a requirement only applies if the employee is able physically to perform the functions and duties of that position." (citing 29 C.F.R. § 825.214(b))).

Second, regarding the lack of training and feedback, while Jahnke alleges her conversation with her supervisor requesting that he "please let her know" if her performance suffered, she does not specify what feedback or training she was not receiving, nor does she ever allege that she requested specific training or told Discover that she did not receive specific training. Therefore, Jahnke's bare and generic assertions that she has not received training and feedback do not sufficiently allege an adverse action. *Chaib v. Indiana*, 744 F.3d 974, 983 (7th Cir. 2014) (finding where Chaib had not told her employer she was not receiving specific training, "[h]er employer cannot be said to have taken an adverse action against her of which it was unaware").

Third, regarding the bonus and raise, Jahnke has also not alleged an adverse employment action because she has not alleged that she was automatically entitled to receive a certain raise. Discretionary bonuses and salary raises are not adverse employment actions because they do not change the terms or conditions of employment. *Palermo v. Clinton*, 437 F. App'x. 508, 511 (7th Cir. 2011) ("[T]he loss of a discretionary bonus is not an adverse employment action because it does not change the terms or conditions of employment."); *Speer v. Rand McNally & Co.*, No. 95 C 6269, 1996 WL 667810 at *8 (N.D. Ill. Nov. 15, 1996) (finding the a lower raise than expected was not a materially adverse employment action because employee was not entitled to a specific raise (citing *Rabinovitz v. Pena*, 89 F.3d 482, 488–89 (7th Cir. 1996))).

Finally, Jahnke alleges that Discover retaliated against her by creating a hostile work environment. The Court cannot find any case law from the Seventh Circuit that supports a hostile work environment claim under the FMLA, and the Court is not persuaded to create such a claim in this case. *See Tolston-Allen v. City of Chicago*, No. 16-cv-6981, 2017 WL 951252 at *3 n.3 (N.D. Ill. Mar. 8, 2017) (citing *Elder v. Elliott Aviation, Inc.*, No. 4:15-cv-04123-SLD-JEH, 2016 WL 5213909 at *4 (C.D. Ill. Sept. 20, 2016) ("The Court cannot find any case law suggesting such a theory of retaliatory liability exists under the FMLA, and with good reason. As noted above, no remedy could potentially flow from that kind of violation because the FMLA does not provide damages for emotional distress. That stands in contrast to Title VII, which as noted does provide for emotional distress damages, and suggests that Congress did not intend to create a cause of action for FMLA retaliation based on a [hostile work environment].")). Therefore, because Jahnke does not sufficiently allege an adverse employment action, the Court dismisses her FMLA claim.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Discover's motion to dismiss [20]. The Court dismisses Jahnke's ADA and FMLA claims (Counts I, II, and V) without prejudice.

Dated: May 24, 2019

_____
SARA L. ELLIS
United States District Judge

9